IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSIE LEE MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-711-RAH-CWB |
| ) | |
| T. VANN, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Rosie Lee Murphy, who is proceeding *pro se*, filed this action on September 8, 2025 (Doc. 1) and sought leave to proceed *in forma pauperis* (Docs. 2 & 4). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 6). By Order entered September 12, 2025 (Doc. 7), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e). Having now conducted such review, the Magistrate Judge will recommend that this action be dismissed in its entirety.

**I.    Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint satisfy three elements. First, the complaint must provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Second, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And third, the complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

1

When a plaintiff is permitted to proceed *in forma pauperis* without the prepayment of fees and costs, the court may *sua sponte* review the complaint and "shall dismiss the case at any time if the court determines that—… the action … (1) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e). Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), it is well recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *GJR Invests. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (explaining that a court may not rewrite a deficient complaint filed by a *pro se* litigant), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.     Discussion

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). In general, one of three sources of subject matter jurisdiction must be present: (1) a federal question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331; (2) a complete diversity of citizenship among the parties coupled with an amount in controversy exceeding $75,000.00, *see* 28 U.S.C. § 1332(a); or (3) some other specific statutory jurisdictional grant. "When a plaintiff sues in federal court, she must affirmatively allege facts that, taken as true, show the existence of [such] jurisdiction." *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020).

Murphy first purports to invoke subject matter jurisdiction using 42 U.S.C. § 1983. (*See* Doc. 9). But Murphy's allegations are insufficient to state a plausible claim under § 1983—which requires a plaintiff to "allege that some person has deprived h[er] of a federal right." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Murphy instead merely asserts that the named law enforcement officer began "jerking and pulling on [her] door in an attempt to follow the orders he was receiving through his earpiece [during a traffic stop]" and that the defendants are "flying drones over me as I sleep and removing/cutting my serpentine belt on my vehicle." (*Id.*). Not only do those allegations fail to identify any violated federal right, they are patently frivolous on their face.[1] So too are Murphy's attempts to rely upon federal criminal statutes. (*See* Doc. 9 at pp. 4, 6-7).[2] And Murphy's reference to 42 U.S.C. § 12203—which involves disability discrimination—has no relation to any of the alleged facts. (*See id.* at pp. 4, 7).

Even when, as here, a federal claim is asserted, the claim "may be dismissed for lack of subject matter jurisdiction if 'such a claim is wholly insubstantial and frivolous.'" *McQueary*, 812 F. App'x at 913 (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). Put more simply, "subject matter jurisdiction is lacking … if the claim has no plausible foundation[.]" *Id.* Because Murphy's purported federal law claims are "wholly insubstantial" with "no plausible foundation," the undersigned finds that dismissal for

---

[1] A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted). "[F]rivolous claims include claims 'describing fantastic or delusional scenarios.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted).

[2] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Coggins v. Fuller*, No. 2:07-cv-709-WKM, 2007 WL 2815034, at *1 (M.D. Ala. Sept. 26, 2007) ("To the extent Coggins seeks to pursue criminal charges …, his claims are due to be dismissed because a private citizen cannot institute criminal proceedings in federal court.") (citations omitted).

lack of subject matter jurisdiction is mandatory. *See* Fed. R. Civ. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *McQueary*, 812 F. App'x at 913 ("The test of federal jurisdiction is … whether the alleged cause of action is so 'patently without merit' as to justify the court's dismissal for lack of jurisdiction.") (quoting *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc)).

### III. Conclusion

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice.[3]

It is **ORDERED** that all objections to this Recommendation must be filed no later than **December 3, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify all claims that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the

---

[3] It is noted that Murphy has had a number of other actions dismissed by this court as frivolous or insufficiently pleaded. *See Murphy v. Pepboys*, No. 2:25-cv-418-ECM-SMD; *Murphy v. Ala. Mental Health Auth.,* No. 2:25-cv-396-MHT-KFP; *Murphy v. Ala. Mental Health Auth.*, No. 2:25-cv-395-MHT-KFP.

right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 19th day of November 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**