IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSIE LEE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-711-RAH |
| | ) | |
| T. VANN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 19, 2025, the Magistrate Judge recommended that this action should be dismissed for a lack of subject matter jurisdiction. Specifically, the Magistrate Judge found that the Plaintiff's First Amended Complaint (doc. 9) failed to state a plausible claim for relief under 42 U.S.C § 1983 or any of the other cited federal statutes.[1] On December 2, 2025, Plaintiff filed a *Motion for: Supplement/Add on Complaint.* (Doc. 14.) Though styled and captioned as a request to amend her Complaint for a third time, this filing does nothing to challenge or object to the Magistrate Judge's Recommendation, nor does it cure any of the pleading deficiencies in the operative First Amended Complaint. Because no formal objections have been filed in opposition of the Magistrate's Recommendation, this Court reviews the Recommendation for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (citations omitted) ("Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not

---

[1] This Court notes that Plaintiff Rosie Lee Murphy was declared a vexatious litigant on December 1, 2025. *See Rosie Lee Murphy v. Ala. Mental Health Auth.*, No. 2:25-cv-771-MHT (M.D. Ala. 2025). She also has had her numerous previously filed lawsuits dismissed as frivolous, failing to state a claim, and/or failing to follow orders of the Court. *See Murphy v. Pepboys*, No. 2:25-cv-418-ECM-SMD; *Murphy v. Ala. Mental Health Auth.,* No. 2:25-cv-396-MHT-KFP; *Murphy v. Ala. Mental Health Auth.*, No. 2:25-cv-395-MHT-KFP; *Murphy v. Gordon*, No. 2:24-cv-00456-RDP; *Murphy v. U.S. District Clerk, et al.*, No. 2:25-cv-358-RAH.

conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

Upon an independent review of the file and upon consideration of the Recommendation of the Magistrate Judge, this Court concludes that the Magistrate Judge's Recommendation is well-reasoned, correct, free of clear error and should be adopted in its entirety. Specifically, Plaintiff's Amended Complaint is wholly deficient when considering federal pleading standards. Further, given Plaintiff's vexatious litigant status, and her multiple opportunities to cure pleading deficiencies here and in other cases, it is plainly apparent that any attempt to allow another amended complaint would prove to be futile.

Accordingly, it is **ORDERED** as follows:

1. The Recommendation (doc. 13) is **ADOPTED**;

2. Plaintiff's *Motion for Preliminary Injunction* (doc. 10) is **DENIED**;

3. Plaintiff's *Motion for: Supplement/Add on Complaint* (doc. 14) is **DENIED**;

4. The case is **DISMISSED**; and,

5. The Clerk of Court is **DIRECTED** to close the case.

**DONE** on this the 8th day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE